UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL CHETCUTI, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>SUN BANCORP, INC., JEFFREY S. BROWN, SIDNEY R. BROWN, ANTHONY R. COSCIA, F. CLAY CREASEY, PETER GALETTO, JR., ELI KRAMER, JAMES B. LOCKHART III, WILLIAM J. MARINO, THOMAS M. O'BRIEN, KEITH STOCK, and GRACE C. TORRES,<br><br>      Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT FOR VIOLATION OF SECTIONS 14(a) AND 20(a)
OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff Paul Chetcuti ("Plaintiff"), by his attorneys, alleges upon information and belief, except for her own acts, which are alleged on knowledge, as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself and the public stockholders of Sun Bancorp, Inc. ("Sun" or the "Company") against Sun's Board of Directors (collectively, the "Board" or the "Individual Defendants," as further defined below) for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), and Rule 14a-9 promulgated thereunder ("Rule 14a-9").

2. On June 30, 2017, OceanFirst Financial Corp. ("OceanFirst") and the Company announced that they had entered into a definitive agreement that day ("Merger Agreement") under which OceanFirst will acquire all of the outstanding shares of Sun in a cash and stock transaction

1

(the "Proposed Transaction").  If consummated, Sun stockholders may elect to receive either $3.78 in cash or 0.7884 shares of OceanFirst common stock for each share of Sun stock that they own ("Merger Consideration"), subject to minimum election requirements and proration.  The Proposed Transaction was valued at approximately $487 million at the time of the announcement.

3. On August 29, 2017, Defendants issued materially incomplete and misleading disclosures in the Form S-4 Registration Statement (the "Registration Statement") filed with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.  The Registration Statement is deficient and misleading in that it fails to provide adequate disclosure of all material information related to the Proposed Transaction.

4. On September 20, 2017, Defendants filed a Definitive Proxy Statement with the SEC on FORM DEFM14A, containing, in part, a restatement of information found in the Registration Statement.  The Definitive Proxy Statement announced that the vote of Sun stockholders will be held on October 25, 2017.

5. Accordingly, Plaintiff alleges herein that Defendants have breached their fiduciary duties and violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331–32, pursuant to 15 U.S.C. § 78aa (federal question jurisdiction), as Plaintiff alleges violations of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

7. The Court has personal jurisdiction over each of the Defendants because each either is a corporation that is incorporated under the laws of, conducts business in and maintains operations in this District or is an individual who either is present in this District for jurisdictional

purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (a) one or more of the Defendants either resides in or maintains executive offices here; (b) a substantial portion of the transactions and wrongs complained of herein occurred here; and (c) Defendants have received substantial compensation and other transfers of money here by doing business here and engaging in activities having an effect here.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Sun common stock.

10. Sun is a corporation organized and existing under the laws of the State of New Jersey. The Company maintains its principal executive offices at 350 Fellowship Road, Suite 101, Mount Laurel, New Jersey, 08054. Sun common stock is listed on the NASDAQ under the ticker symbol "SNBC."

11. Defendant Anthony R. Coscia ("Coscia") has served as a director of the Company since 2010 and served as Chairman of the Board.

12. Defendant Jeffrey S. Brown has served as a director of the company since 1999.

13. Defendant Sidney R. Brown has served as a director of the Company since 1990.

14. Defendant F. Clay Creasey ("Creasey") has served as a director of the Company since 2014.

15. Defendant Peter Galetto, Jr. ("Galetto") has served as a director of the Company since 1990.

16. Defendant Eli Kramer ("Kramer") has served as a director of the Company since 2004.

17. Defendant James B. Lockhart III ("Lockhart") was elected as a director of the Company as of March 28, 2017 as an appointee of WL Ross & Co. LLC in accordance with a securities purchase agreement.

18. Defendant William J. Marino ("Marino") has served as a director of the Company since 2010.

19. Defendant Thomas M. O'Brien ("O'Brien") has served as a director of the Company and as Chief Executive Officer and President of the Company since July 2014.

20. Defendant Keith Stock has served as a director of the Company since 2014.

21. Defendant Grace C. Torres has served as a director of the Company since 2015.

22. Defendants listed in ¶¶ 10-20 are collectively referred to as Individual Defendants and/or the Board.

23. Non-party OceanFirst is a company incorporated under the laws of the State of Delaware and is headquartered at 975 Hooper Avenue, Toms River, New Jersey, 08753. OceanFirst common stock is listed on the NASDAQ under the ticker symbol "OCFC."

## CLASS ACTION ALLEGATIONS

24. For purposes of the breach of fiduciary duties claims, Plaintiff brings this action individually and as a class action on behalf of all holders of Sun stock who are being, and will be, harmed by Defendants' actions described herein (the "Class"). Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to, controlled by, or affiliated with, any Defendant, including the immediate family members of the Individual Defendant.

25. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23.

26. The Class is so numerous that joinder of all members is impracticable. According to the Merger Agreement, as of June 30, 2017, Sun had 19,060,593 shares of common stock outstanding. These shares are held by thousands of beneficial holders who are geographically dispersed across the country.

27. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. The common questions include, inter alia, the following:

    a. whether Defendants have violated Sections 14 and 20 of the Exchange Act in connection with the Proposed Transaction; and

    b. whether Plaintiff and the other members of the Class would be irreparably harmed were the transactions complained of herein consummated.

28. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

29. Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class.

30. The prosecution of separate actions by individual members of the Class creates a risk of inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for Defendants.

31. Plaintiff anticipates that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32.     Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class a whole.

33.     Accordingly, Plaintiff seeks injunctive and other equitable relief on behalf of himself and the Class to prevent the irreparable injury that the Company's stockholders will continue to suffer absent judicial intervention.

## FURTHER SUBSTANTIVE ALLEGATIONS

**Company Background and Potential for Growth**

34.     Founded in 1985, Sun is a $2.3 billion asset bank holding company headquartered in Mount Laurel, New Jersey. Its primary subsidiary is Sun National Bank, a community bank serving customers throughout New Jersey, and the metro New York region.

35.     On June 30, 2017, the Company and OceanFirst announced that they had entered into the Merger Agreement. The two companies issued a joint press release with the following relevant information:

> TOMS RIVER, N.J. and MOUNT LAUREL, N.J., June 30, 2017 (GLOBE NEWSWIRE) -- OceanFirst Financial Corp. ("OceanFirst") (NASDAQ:OCFC) headquartered in Toms River, New Jersey, and Sun Bancorp, Inc. ("Sun") (NASDAQ:SNBC), headquartered in Mount Laurel, New Jersey, jointly announced today that they have entered into a definitive agreement and plan of merger pursuant to which Sun, the holding company of Sun National Bank, will merge with and into OceanFirst, the holding company of OceanFirst Bank. Sun National Bank will also merge with and into OceanFirst Bank. Based on the closing price of OceanFirst common stock on June 29, 2017, the transaction is valued at approximately $25.27 per Sun common share or approximately $487 million in the aggregate.
>
> As one of New Jersey's largest community banks with approximately $2.3 billion in total assets, $1.7 billion in total deposits and $1.6 billion in gross loans, Sun operates more than 30 community banking centers across eleven New Jersey counties, as well as through commercial lending offices in Edison and Mount Laurel, New Jersey, and Manhattan, New York. Following OceanFirst's recently completed acquisitions of Cape Bancorp, Inc. ("Cape") and Ocean Shore Holding Co. ("Ocean Shore"), the proposed transaction will

6

further enrich OceanFirst's distribution, scale and core deposit funding base, presenting a unique opportunity to enhance its franchise.

OceanFirst will strengthen its position as the largest bank headquartered in central and southern New Jersey and gain greater access and proximity to more robust markets within the New York and Philadelphia metro areas. Based on financial information as of March 31, 2017, the combined institution would have approximately $7.5 billion in total assets, $5.9 billion in total deposits, $5.4 billion in gross loans and expects to operate over 60 full-service banking locations once the combination is fully integrated.

Under the terms of the merger agreement, which has been unanimously approved by the Boards of Directors of both companies, the aggregate consideration to be paid in exchange for the Sun common stock consists of approximately 15.1 million shares of OceanFirst common stock and $72.5 million in cash. The consideration a Sun shareholder will receive is equivalent to 0.7884 shares of OceanFirst common stock and $3.78 in cash per share of Sun common stock. Sun shareholders will have the right to elect to receive stock or cash consideration for their shares, subject to proration, and the merger agreement will include a mechanic whereby the per share cash consideration and the implied value of the stock consideration will be equivalent based on the average OceanFirst share price over the five trading day period ending on the trading day immediately prior to the closing date. The transaction is expected to close early first quarter of 2018, subject to each company receiving the required approval of its shareholders, receipt of all required regulatory approvals and fulfillment of other customary closing conditions. Certain shareholders of Sun owning in the aggregate approximately 39% of Sun's outstanding common stock have entered into support agreements with OceanFirst pursuant to which they have agreed to vote in favor of the merger agreement.

The purchase price equates to 169% of Sun's March 31, 2017 tangible book value, 12.7% premium to core deposits and 14.5x Sun's estimated 2018 earnings (assuming fully phased-in cost savings). Tangible book value per common share is expected to be diluted by approximately 1.2% at closing with a projected earnback period of approximately 3.5 years using the cross-over method.

The transaction is expected to be accretive to earnings per share by approximately 3.6% in 2019 in addition to the projected double-digit earnings accretion from OceanFirst's acquisitions of Cape and Ocean Shore. The combined company will be structured to support enhanced efficiencies and operating leverage, leading to financial return targets of 1.20% return on average assets and 13.5% return on average tangible common equity along with maintaining a tangible common equity ratio of approximately 8.9% and remaining "well-capitalized" under regulatory guidelines.

> OceanFirst expects to incur one-time pre-tax merger and integration costs of approximately $46 million and to achieve cost savings of approximately 53% of Sun's noninterest expense base.
>
> "This is an extraordinary opportunity for OceanFirst and we are very excited to welcome Sun customers and employees to the OceanFirst family. With overlapping market footprints and shared focus on the community bank business model, OceanFirst and Sun can leverage the strength of the combined company to create a premier New Jersey community banking institution," said Christopher D. Maher, Chairman, President and Chief Executive Officer of OceanFirst.
>
> Mr. Maher further commented, "We continue to capitalize on the opportunities that become available to us as we execute on our organic and strategic growth plans. This transaction allows us to gain further market share across our existing central and southern New Jersey footprint, while also supporting growth with Sun's operations in close proximity to the key metropolitan markets of Philadelphia and New York City. Sun's strong core deposit franchise and the significant efficiency opportunities presented by an in-market merger make this a very compelling combination. We look forward to continuing to provide extraordinary customer care to all OceanFirst and Sun customers, as well as providing enhanced value to our stockholders."
>
> Thomas M. O'Brien, President and Chief Executive Officer of Sun, echoed Mr. Maher's comments stating, "We consider OceanFirst an ideal partner due to the strategic benefits a combination will provide for all Sun stakeholders. Sun shareholders will benefit from pro forma earnings per share accretion of approximately 200%, a pro forma dividend increase of over 1,000% and increased shareholder liquidity. Sun clients will enjoy enhanced product distribution capabilities and new consumer and Wealth Management products and services." Mr. O'Brien added that "I am proud of the great strides our institution has made since 2014, and we are excited about the opportunity for Sun's employees to continue growing by partnering with OceanFirst to create the premier community banking franchise in New Jersey."

**The Registration Statement Misleads by Omitting Material Information**

36.     On August 29, 2017, Sun and OceanFirst filed a materially misleading and incomplete Registration Statement with the SEC. Designed to convince shareholders to vote in favor of the Proposed Transaction, the Registration Statement is rendered misleading by the omission of critical information concerning the financial valuations prepared by Sandler O'Neil & Partners, L.P. ("Sandler") in connection with the rendering of its fairness opinion, potential

8

conflicts of interest facing Sandler, the Company's expected future value as a standalone entity as evidenced by the Company's financial projections, and the events leading to the Merger Agreement.

### *Omissions of Financial Analysis Conducted by Sandler*

37. The Registration Statement fails to disclose the methodologies, key inputs, and multiples relied upon and observed by Sandler in preparing its fairness opinion that buttresses the recommendation of the Board, misleading Company stockholders as to the Board's best understanding of the fairness of the Merger Consideration.

38. With respect to Sandler's *Regional Precedent Transactions Analysis*, and *Nationwide Precedent Transactions Analysis*, the Registration Statement omits the individual financial metrics for each of the selected transactions

39. With respect to the *Sun Comparable Company Analysis* and *OceanFirst Comparable Company Analysis*, the Registration Statement omits the financial metrics for each of the selected companies.

40. The Registration Statement discloses only the median, mean, high, and low values for each group of companies and transactions selected, offering only a partial and misleading disclosure as to the inputs of Sandler's analysis.

41. With respect to Sandler's *Net Present Value Analyses*, the Registration Statement fails to disclose: (i) the earnings per share estimates for Sun and OceanFirst; (ii) the estimated internal long-term earnings per share and dividend growth rates provided by the senior management of Sun and OceanFirst; (iii) the terminal values of Sun and OceanFirst; and (iv) the inputs and assumptions underlying the discount rates used by Sandler.

42. With respect to Sandler's *Pro Forma Merger Analysis*, the Registration Statement fails to disclose: (i) the earnings per share estimates for Sun for the years ending December 31, 2017 through December 31, 2019; (ii) the estimated internal long-term earnings per share growth rate for the years thereafter as provided by Sun management; (iii) the earnings per share estimates for OceanFirst for the years ending December 31, 2017 and December 31, 2018; (iv) the estimated internal long-term earnings per share growth rate and estimated dividends per share for the years thereafter; (v) the assumptions relating to transaction expenses, purchase accounting adjustments, cost savings, and a core deposit intangible asset; (vi) the financial projections for Sun for the years ending December 31, 2017 through December 31, 2019 as provided by OceanFirst management; and (vii) the estimated long-term earnings per share growth rate for the years thereafter.

43. Here, where the Company approached no other potential strategic partners, these analyses are material and provide a good benchmark by which to judge the fairness of the consideration offered in a proposed transaction. Further information on the methodology is material where, as here, the description of the analysis fails to provide key inputs and the resulting fairness range calculated by the financial advisor. Thus, the details of Sandler's analyses are material to stockholders, and disclosing some, but not all, details misleads shareholders as to the financial adviser's basis for its fairness opinion.

### *Omission of Potential Conflict of Interest Faced By Sandler*

44. Additionally, the Registration Statement omits critical information regarding potential conflicts of interest on the part of Sandler. Specifically, the Registration Statement states that Sandler "acted as book-running manager in connection with OceanFirst's offer and sale of subordinated notes, which transaction closed in September 2016." Additionally, Sandler "acted as financial advisor to OceanFirst in connection with the Cape acquisition, which transaction closed

10

in May 2016." However, the Registration Statement fails to disclose the amount of compensation that Sandler received, or stands to receive, in connection with these engagements.

45.   This key omission materially misleads Sun stockholders as to incentives facing Sandler, including the prospect of future engagements and compensation from OceanFirst following Sandler's blessing of OceanFirst's purchase of the Company. Without this information, Sun stockholders have received a materially misleading statement as to the objectivity and accuracy of Sandler's fairness opinion.

46.   The statements in the Proxy are misleading because they provide shareholders a materially incomplete and distorted picture of the sales process underlying the Proposed Transaction, the various alternatives available to (and considered by) defendants other than the Proposed Transaction, and the efforts taken (or not taken) to ensure that no conflicts of interest tainted the negotiation process, rendering it unfair to Plaintiff and other members of the class. Without this omitted information, Sun shareholders cannot make a fully-informed decision whether to vote to approve the Proposed Transaction.

47.   Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Sun

63.   Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64.   The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts

11

necessary to make the statements therein not materially false or misleading.  Sun is liable as the issuer of these statements.

65.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

66.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

67.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

68.     The Registration Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

69.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

70.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

71.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

72. The Individual Defendants acted as controlling persons of Sun within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Sun and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

73. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

74. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

75. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

76. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and

proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Declaring that this action is properly maintainable as a class action and certifying Plaintiff as the Class representative and his counsel as Class counsel;

B. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

C. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

D. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

E. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

F. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

G. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  September 21, 2017             LEVI & KORSINSKY, LLP

                               ____/s/ Donald J. Enright_____
                               Donald J. Enright
                               LEVI & KORSINSKY, LLP
                               1101 30th Street, N.W., Suite 115

Washington, D.C. 20007
Telephone: (202) 524-4292
Facsimile: (202) 333-2121
Email: denright@zlk.com

*Attorneys for Plaintiff*